**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RICHARD FORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-cv-0015-O-BP** |
| | § | |
| **MIKE BROWN,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motions to Dismiss that Dusty Bryant filed on October 15, 2025 (ECF No. 20); City of Crowell and Gary Whitley filed on October 16, 2025 (ECF No. 22); Shawn Scarborough filed on October 20, 2025 (ECF No. 26); and Mike Brown, Foard County Sheriff's Office, Anthony Hinsley, and Perry Shaw filed on October 16, 2025 (ECF No. 30). *Pro se* Plaintiff Richard Ford did not file a response. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motions (ECF Nos. 20, 22, 26, 30) and **DISMISS** Ford's claims under Federal Rule of Civil Procedure 12(b)(6).

I.      **BACKGROUND**

Ford sues under 42 U.S.C. § 1983 for various constitutional violations. ECF No. 1. He claims officers unlawfully arrested him for criminal trespass at his own home and illegally detained him. *Id.* at 2. He asserts officers violated his Fourteenth Amendment right to equal protection and his First Amendment free speech rights by retaliating against him for reporting officer misconduct, through serving him a notice regarding a hearing for a dangerous dog on his property and fabricating testimony at the hearing. *Id.* at 1-2. Ford argues officers committed misconduct because

they did not investigate when under an obligation to do so and selectively enforced laws against him. *Id.* at 4. Ford also claims officers trespassed on his property and did not provide him with a copy of the warrant to seize his dog. *Id.*

Ford sues Foard County Sheriff's Office, Constable Anthony Hinsley, Deputy Sheriff Perry Shaw, and Sheriff Mike Brown. ECF No. 9 at 6-7. Ford also sues the City of Crowell and its Chiefs of Police Shawn Scarborough and Dusty Bryant, and the City's municipal judge, Gary Whitley. *Id.* at 5-7. He seeks $640,000.00 in damages. *Id.* at 15.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise*, *LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

2

**B.    *Pro se* parties**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se . . .* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

**C.    Qualified immunity**

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Ratliff v. Aransas Cty.*, 948 F.3d 281, 287 (5th Cir. 2020).

"[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

### D.    Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

## III.    ANALYSIS

### A.    The Court should dismiss Ford's claims against the City of Crowell.

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any [law] subjects [] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.

Municipal liability under § 1983 requires proof of three elements: (1) a policymaker; (2)

an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). While courts in this circuit are split on the level of specificity required for pleading municipal liability claims, several courts follow a "common-sense approach" that requires "only minimal factual allegations . . . at the motion to dismiss stage." *E.G. by Gonzalez v. Bond*, No. 1:16-cv-0068-BL, 2016 WL 8672774, at *5 (N.D. Tex. Sept. 9, 2016), *rec. adopted as modified sub nom. E.G. v. Bond*, No. 1:16-cv-068-C, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) (citing *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 842-44 (S.D. Tex. 2011)). This approach relies on *Iqbal*'s instruction that courts draw on their judicial experience and common sense, and on the fact that, in the municipal liability context, "it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details regarding the existence or absence of internal policies or training procedures prior to discovery. . . ." *Id.*

Here, Ford does not provide even "minimal factual allegations" that the alleged constitutional violations he suffered were anything more than a series of isolated incidents. *E.G. by Gonzalez*, 2016 WL 8672774, at *5. Ford does not provide any factual basis that a policymaker promulgated an official policy or that the moving force of the violation of his constitutional rights was the policy or custom. *Piotrowski*, 237 F.3d at 578. The Court should dismiss Ford's claims against the City of Crowell because he has not pleaded any facts to show any of the required elements of municipal liability under § 1983.

**B.      The Court also should dismiss Ford's claims against Scarborough, Whitley, and Bryant in their official capacities.**

Ford next sues City of Crowell employees Scarborough, Whitley, and Bryant in their official capacities. "A claim brought against a government employee in his official capacity, however, is a claim against the government itself." *Blackledge v. City of Hattiesburg*, No. 2:24-

cv-136-TBM-RPM, 2025 WL 3252404, at *8 (S.D. Miss. Oct. 31, 2025) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66, (1985)). Therefore, because Ford has not stated a municipal liability claim for relief against the City of Crowell under § 1983, dismissal of his claims against Scarborough, Whitley, and Bryant also is appropriate.

**C.    The Court should dismiss Ford's claims against the Foard County Sheriff's Office.**

Ford next sues the Foard County Sherriff's office. Suing a county's sheriff office is equivalent to suing the county itself. *See Sheffield v. Doe*, No. A-11-CA-300-LY, 2012 WL 5198089, at *7 (W.D. Tex. Oct. 18, 2012), *rec. adopted*, No. A-11-CA-300-LY, 2012 WL 12882857 (W.D. Tex. Nov. 26, 2012) (holding that the Sheriff's office was an arm of the county, and the claims against the Sherriff's office were equivalent to existing claims against the county).

> [A] county "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Furthermore, a county "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." To succeed on this type of claim—called a *Monell* claim—the plaintiff must show that "(1) an official policy (2) promulgated by a municipal policymaker (3) was the moving force behind the violation of a constitutional right."

*Thornton v. Dallas Cnty.*, No. 3:23-cv-1945-D, 2024 WL 3357840, at *3 (N.D. Tex. July 10, 2024) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978), *Webb v. Town of St. Joseph*, 925 F.3d 209, 215 (5th Cir. 2019)).

Here, Ford does not state any facts to show that Foard County or its Sheriff's Office officially adopted or promulgated any policy statement, ordinance, regulation, or decision. *Thornton*, 2024 WL 3357840, at *3. Ford also does not plead facts to make out a *Monell* claim because he does not plead any factual basis that an official policy promulgated by a municipal policymaker was the moving force behind the violation of his constitutional rights. *Id.* In fact, he

6

points to no policy statement, ordinance, regulation, decision, or official policy at all. Again, he pleads what appears to be only isolated incidents that led to the alleged constitutional violations. As a result, Ford has not stated a claim upon which relief can be granted against Foard County, and the Court should dismiss his claims.

> **D.     The Court also should dismiss Ford's claims against Hinsley, Shaw, and Brown in their official capacities.**

Ford next sues Hinsley, Shaw, and Brown in their official capacities. These claims are equivalent to suing Foard County itself. *Blackledge*, 2025 WL 3252404, at *8. As a result, the Court should dismiss his claims against Hinsley, Shaw, and Brown in their official capacities because Ford has not stated a claim upon which relief can be granted against Foard County.

> **E.     Qualified immunity bars Ford's remaining claims against Scarborough and Brown in their individual capacities.**

Ford also sues Scarborough and Brown in their individual capacities. "Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (internal citations omitted). A plaintiff's complaint must "state with precision and specificity" the basis for the claim which necessarily includes why the defendant official cannot successfully maintain the defense of immunity. *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999). The Fifth Circuit adheres to a "heightened pleading" standard in civil rights cases against government officials. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc) (affirming the continuing validity of *Elliot v. Perez,* 751 F.2d 1472 (5th Cir. 1985)).

Plaintiff asserts that Defendants violated his constitutional rights through unlawful arrests, retaliation, and harassment. *See* ECF No. 1. However, Ford does not provide adequate factual support for such claims. And his allegations do not demonstrate a violation of a constitutional right or that the constitutional right was clearly established at the time of the challenged conduct.

*Ashcroft*, 563 U.S. at 741. Merely stating so is not enough to establish a violation of any of Ford's constitutional rights. Instead of stating facts that support his claims, Ford makes "cursory and unsupported allegations," which the Court need not accept as true. *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021).

Thus, Ford has not pleaded facts that overcome qualified immunity. Accordingly, Scarborough and Brown are entitled to qualified immunity from Ford's claims against them in their individual capacity, and dismissal is appropriate.

### F.        Whether dismissals should be with or without leave to amend.

The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make her case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

Although Ford does not state a claim against Defendants upon which relief can be granted, he has not amended his complaint, and the Court does not conclude that he has pleaded his best case or that further amendment would be futile. Accordingly, the Court should grant Ford leave to file a First Amended Complaint that addresses the deficiencies noted in these findings, conclusions, and recommendation within fourteen days after Chief Judge O'Connor enters his order on the findings, conclusions, and recommendation or such other time that he sets.

## IV.    CONCLUSION

Ford has not pleaded sufficient facts to state a claim against Defendants under 42 U.S.C. § 1983. Therefore, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Defendants' Motions to Dismiss (ECF Nos. 20, 22, 26, 30) and **DISMISS** Ford's claims under Federal Rule of Civil Procedure 12(b)(6), with leave to file a First Amended Complaint that addresses the deficiencies noted in these findings, conclusions, and recommendation within fourteen days after Chief Judge O'Connor enters his order on the findings, conclusions, and recommendation or such other time that he sets.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on February 19, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE